The order below is hereby signed.

Signed: November 3 2026

Elizabeth L. Gunn
U.S. Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| **In re:**<br>**Allison Paul,**<br>**Debtor.** | **Case No. 23-00222-ELG**<br>**Chapter 7** |
| **Lessard Design, Inc.,**<br>**Plaintiff/Counter-Defendant,**<br><br>**v.**<br><br>**Allison Paul,**<br>**Defendant/Counter-Plaintiff.** | **Adv. Pro. 24-10008-ELG** |

## MEMORANDUM OPINION ON MOTION TO DISMISS COUNTERCLAIM

The Court has before it the *Motion to Dismiss Counterclaim* (the "Motion to Dismiss") (ECF No. 24) filed by Lessard Design, Inc. ("Lessard") and responses thereto. In the Motion to Dismiss, Lessard asks the Court to dismiss the *Counterclaim and Demand for a Jury Trial* (the "Counterclaim") (ECF No. 20) filed by Allison Paul (the "Debtor") for either lack of subject matter jurisdiction under Civil Rule 12(b)(1)[1] or failure to state a claim upon which relief can be granted under Civil Rule 12(b)(6), both made applicable herein by Bankruptcy Rule 7012. The Motion to Dismiss is fully briefed and the Court finds that no hearing is necessary.

[1] Unless specifically indicated otherwise, all section references are to Title 11 of the United States Code (the "Bankruptcy Code"). The Federal Rules of Bankruptcy Procedure shall be referred to as the "Bankruptcy Rules," and the Federal Rules of Civil Procedure shall be referred to as the "Civil Rules" herein.

The remaining allegations in the *Complaint* (ECF No. 1) initiating this adversary proceeding arise out of the Debtor's spending and purchase of assets prepetition, alleged misstatements of assets and liabilities, and reduction in income related to her change of employment from Lessard to Bassenian Lagoni ("Bassenian"). *See Complaint to Deny Debtor's Discharge, to Declare Debt Nondischargeable, or to Dismiss Chapter 7 Case*, ECF No. 1 (the "Complaint"). As further set forth in the *Memorandum Opinion and Order on Motion to Dismiss* (the "Memorandum Opinion") (ECF No. 16) granting the Debtor's motion to dismiss Counts II, III, IV, and V of the Complaint with leave to amend Counts III, IV, and V, Lessard originally sought three alternate avenues for relief: denial of the Debtor's discharge under §§ 727(a)(2), (a)(5), and/or (c); determination of non-dischargeability of Lessard's claim in the Debtor's chapter 7 case (the "Main Case") under §§ 523(a)(4) or (a)(6) or an as equitable remedy under § 101(5)(B); or dismissal of the Main Case under § 707(a). Lessard has opted to proceed solely on Count I – Objection to Discharge under § 727(a)(2) and (c) and Count VI – Dismissal of the Bankruptcy Case under § 707(a). *Memorandum in Support of Motion to Dismiss Counterclaim,* ECF No. 24-1, at 3-4. As a result, the Court's recitation below is limited to only the facts relevant to the remaining counts.

After the Memorandum Opinion was entered, the Debtor filed her *Answer and Counterclaim* (ECF No. 20) as a single docket entry containing two separate pleadings: the first her answer and defenses to the Complaint and the second her Counterclaim. The Counterclaim contains 179 numbered paragraphs alleging new facts arising out of the Debtor's employment at Lessard in support of claims of tortious interference with business expectancy, tortious interference with the Debtor's employment contract with Bassenian, civil conspiracy, conversion, and intentional infliction of emotional distress.

For purposes of the Motion to Dismiss, the Court accepts as true all well-pled factual allegations in the Counterclaim and construes them in the light most favorable to the nonmoving party; however, to the extent the Motion to Dismiss is framed as a factual challenge to the Court's jurisdiction, the Court "must go beyond the pleadings and resolve any disputed issues of fact the resolution of which is necessary to a ruling upon the motion to dismiss." *Nguyen v. United States*, 2026 U.S. Dist. LEXIS 242394, at *3-4 (D.D.C. Oct. 22, 2026) (quoting *Phoenix Consulting, Inc. v. Republic of Angola*, 216 F.3d 36, 40 (D.C. Cir. 2000); *Erby v. United States*, 424 F. Supp. 2d 180, 182 (D.D.C. 2006). For the reasons stated herein, the Court finds that the Debtor lacks standing to pursue the Counterclaim, which consists solely of permissive counterclaims, and as a result the Court lacks subject matter jurisdiction under Civil Rule 12(b)(1).

## I. Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This memorandum opinion on the Motion to Dismiss serves as the Court's findings of fact and conclusions of law in accordance with Bankruptcy Rule 7052.

## II. Facts

### *A. Procedural History*

The Debtor was employed by Lessard from June 2015 through January 2023 as a licensed architect and principal. ECF No. 1, at 3-4; ECF No. 20, at 7. On January 4, 2023, the Debtor resigned effective January 27, 2023. ECF No. 1, at 4; ECF No. 20, at 29. In early February 2023, she began working for Bassenian, for whom she worked prior to her employment with Lessard. ECF No. 1, at 26; ECF No. 20, at 20.[2] After the Debtor's resignation, Lessard demanded that the

[2] The Court will cite to Lessard's complaint filed in the Eastern District of Virginia using the page number of the Complaint at ECF No. 1.

Debtor turn over certain electronic devices. ECF No. 1, at 4; ECF No. 20, at 30. The Debtor turned over the requested devices on or about February 10, 2023. ECF No. 1, at 4; ECF No. 20, at 30. On May 8, 2023, Lessard filed a complaint against the Debtor in the United States District Court for the Eastern District of Virginia (the "EDVA Case") in which it alleged the following six counts: (i) breach of contract; (ii) breach of loyalty; (iii) misappropriation of trade secrets in violation of the Defend Trade Secrets Act; (iv) misappropriation of trade secrets in violation of the Virginia Uniform Trade Secrets Act; (v) conversion; and (vi) copyright infringement. *See Lessard Design Inc. v. Allison Paul*, Case No. 23-cv-00616-LMB-IDD (E.D. Va. May 8, 2023). While the EDVA Case progressed, the Debtor relocated from her one-bedroom apartment to a condominium and spent down her existing savings as described *infra*. ECF No. 1, at 5-8; ECF No. 20, at 5.

On August 9, 2023 (the "Petition Date"), three months after the filing of the EDVA Case, the Debtor filed a voluntary chapter 7 petition. Main Case, ECF No. 1. In her *Schedule A/B*: *Property* ("Schedule A/B"), the Debtor disclosed claims against Lessard of unknown value "for harassment and constructive termination and for damages." Main Case, ECF No. 3, at 7. The EDVA Case was stayed by the bankruptcy filing, but litigation between Lessard and the Debtor continued in the Main Case and by the filing of the instant Complaint on March 7, 2024. Shortly after the commencement of this proceeding, the Debtor filed a *Motion to Dismiss Lessard Complaint* (ECF No. 9), which was granted, in part, as set forth in the Memorandum Opinion. On September 2, 2025, the Debtor answered the Complaint and filed the Counterclaim, and Lessard's Motion to Dismiss followed shortly thereafter. ECF Nos. 20, 24. Although not the subject of the Motion to Dismiss, an understanding of the remaining relevant allegations in the Complaint is necessary for analysis of the Motion to Dismiss.

*B. The Complaint*

Central allegations related to Lessard's denial of discharge claim are that in the approximately three (3) months between the filing of the EDVA Case and the Main Case, the Debtor spent $190,000 from savings and checking accounts in various categories including: (i) a total of approximately $99,000, inclusive of closing costs, to purchase her condominium; (ii) a total of approximately $12,000 for employment counsel and $8,500 for bankruptcy counsel; (iii) at least $4,300 on travel; (iv) approximately $2,800 for a mortgage payment; (v) at least $13,700 on furniture, clothing, and other delineated personal property purchases; and (vi) at least $12,200 on other personal expenses such as food delivery, pet food, chiropractor, and personal care costs. ECF No. 1, at 5-8. In support of dismissal, Lessard additionally points to the totality of the circumstances of the Debtor's conduct pre- and postpetition, including the Debtor's income, candor, filings in the Main Case, and lifestyle. ECF No. 1, at 16-17. The Complaint also contains an extensive number of allegations related to the Debtor's change of employment, but those allegations are not material to either of the remaining counts.

*C. The Debtor's Counterclaim*

As noted, *supra*, the Counterclaim contains five counts: (1) tortious interference with business expectancy; (2) tortious interference with the Debtor's employment contract with Bassenian; (3) civil conspiracy; (4) conversion; and (5) intentional infliction of emotional distress. *See* ECF No. 20. Each of these counts relies upon allegations related to the facts and circumstances of the Debtor's prepetition employment with Lessard. More specifically, the Counterclaim contains new factual allegations regarding the conduct of Lessard's principals, including its CEO, and the alleged toxic work environment the Debtor experienced during her tenure with Lessard. *Id.* at 15-20. One of the few factual allegations in the Counterclaim that overlaps with the

Complaint is the Debtor's assertion that Lessard's demand letter for turnover of electronic devices and subsequent filing of the EDVA Case were designed to harass the Debtor and known to Lessard to be without merit. ECF No. 20, at 31. Notably, all the allegations in the Counterclaim are for prepetition actions, the vast majority of which occurred before any of the remaining relevant allegations in the Complaint. As noted above, Lessard is no longer pursuing any cause of action related to the electronic devices. As a result, there are no overlapping material facts or allegations between the remaining counts in the Complaint and those alleged in the Counterclaim.

## III. Discussion

In the Motion to Dismiss, Lessard seeks dismissal of the Counterclaim under Civil Rule 12(b)(1) for lack of subject matter jurisdiction or, alternatively, under Civil Rule 12(b)(6) for failure to state a claim upon which relief can be granted. ECF No. 24-1, at 7. Civil Rule 12(b)(1) "presents a threshold challenge to the court's jurisdiction, whereas [Civil Rule] 12(b)(6) presents a ruling on the merits with res judicata effect." *Haase v. Sessions,* 835 F.2d 902, 906 (D.C. Cir. 1987). A motion to dismiss for lack of standing is a motion to dismiss under Civil Rule 12(b)(1). *See id*. In ruling on a motion to dismiss for lack of standing, a court must view the complaint liberally and accept as true all material allegations in the complaint. *Rann v. Chao*, 154 F. Supp. 2d 61, 64 (D.D.C. 2001); *Enovational Corp. v. Md. (In re Enovational Corp.)*, No. 22-10014-ELG, 2023 Bankr. LEXIS 1878, at *9 (Bankr. D.D.C. July 27, 2023). In considering a motion to dismiss under Rule 12(b)(1), a court may also make an "'appropriate inquiry' beyond the pleadings to 'satisfy itself on authority to entertain the case.'" *Haase*, 835 F.2d at 906 (quoting *Gordon v. National Youth Work Alliance*, 675 F.2d 356, 362-63 (D.C. Cir. 1982)).

### *A. Debtor's Standing to Bring the Counterclaim*

Section 541 provides that at the commencement of a bankruptcy case, all legal or equitable

interests in property, including causes of action on behalf of the debtor, become property of the bankruptcy estate. 11 U.S.C. § 541(a); *see also United States v. Inslaw, Inc.*, 932 F.2d 1467, 1471 (D.C. Cir. 1991). In a chapter 7 case, once a cause of action becomes property of the estate, only the chapter 7 trustee has standing to bring the claim. *Giron v. Zeytuna, Inc.*, 597 F. Supp. 3d 29, 43 (D.D.C. 2022) (quoting *Parker v. Wendy's Int'l, Inc.*, 365 F.3d 1268, 1272 (11th Cir. 2004) ("Generally speaking, a pre-petition cause of action [in which the debtor has a legal or equitable interest] is the property of the Chapter 7 trustee, and only the trustee in bankruptcy has standing to pursue it."). Thus, in this case the Court lacks jurisdiction over the Counterclaim if (1) the claims asserted by the Debtor are property of the estate and (2) the chapter 7 trustee (the "Trustee") has not abandoned the claims. 11 U.S.C. §§ 541, 554.

*i. The Causes of Action in the Counterclaim are Property of the Estate*

The Debtor included in her Schedule A/B a "[c]laim against Lessard Design for harassment and constructive termination and for damages" with an unknown value. Main Case, ECF No. 3, at 7. Each of the causes of action in the Counterclaim arises from the Debtor's previous work environment at Lessard, and while the descriptive language is not an exact match, it is clear that the causes of action disclosed in her Schedule A/B were intended to encompass those more fully articulated in the Counterclaim. Further, all the conduct and activity alleged to form a basis for the Debtor's Counterclaim occurred prepetition. Thus, upon the Petition Date, each of the causes of action in the Counterclaim became property of the Debtor's estate under § 541(a).

In her *Opposition and Response to the Motion to Dismiss of the Counter-Defendant* (the "Opposition") (ECF No. 29), the Debtor tacitly admits that she did not have standing to assert the Counterclaim when filed. ECF No. 28, at 2-3. The Debtor asserts that she (through counsel) contacted the Trustee "to determine whether the Trustee wishes to pursue the Counterclaim on

behalf of the estate or if the Trustee would prefer that the Debtor pursue that claim on behalf of the estate by abandoning the claim to the debtor, or otherwise." *Id.* at 5. The Debtor further asserts that her willingness to pursue her claims is sufficient for her to "pursue these claims derivatively" and that "she has the right to pursue these actions for the benefit of her estate[.]" *Id.* at 5-6. Finally, the Debtor states that she "will seek permission to amend her Counterclaim to assert her claims derivatively" if necessary. *Id.* at 2-3. As of the date of this memorandum opinion, no such motion or other request for relief has been filed, and the Court need not reach the question of whether derivative standing is available or appropriate.

While the causes of action in the Counterclaim are not exactly the harassment and constructive termination the Debtor disclosed on Schedule A/B, each of the causes of action and claims for damages in the Counterclaim relate directly to the work environment allegedly created by Lessard. Even if the causes of action in the Counterclaim were entirely separate from those listed on the Debtor's Schedule A/B—or not disclosed at all—they would still be under the control of the Trustee because they arose prepetition. 11 U.S.C. § 554(d); *see also Marshall*, 675 F. Supp. at 25 (quoting *Kunica v. St. Jean Fin., Inc.*, 233 B.R. 46, 53 (S.D.N.Y. 1999) ("property that is not formally scheduled is not abandoned and therefore remains part of the estate"). Whether the Debtor contacted the Trustee or intends to create a situation in which she has standing is irrelevant for the purposes of the Court's analysis of the Motion to Dismiss under Civil Rule 12(b)(1).

*ii. The Trustee Has Not Abandoned the Claims to the Debtor*

Pursuant to § 554, property of the estate remains part of a debtor's estate until abandoned to the debtor. 11 U.S.C. § 554. *Simmers v. Amtrak*, No. 20-1548 (JEB), 2020 U.S. Dist. LEXIS 227485, at *5-6 (D.D.C. Dec. 2, 2020) (citing *Dalley v. Mitchell Rubenstein & Assocs., P.C.*, 172 F. Supp. 3d 6, 13 (D.D.C. 2016). The Trustee has not sought otherwise to administer the causes of

action in the Counterclaim and Debtor's chapter 7 case remains open due to the pendency of this adversary proceeding, so the Counterclaim remains property of the estate. *See* 11 U.S.C. §§ 554(c), (d). Finally, in the Opposition, the Debtor concedes that the Trustee has not abandoned the Counterclaim. ECF No. 28, at 3; *Marshall,* 675 F. Supp. at 26 ("Where nothing in the record shows that a trustee abandoned a debtor's cause of action, dismissing a complaint brought by the debtor for lack of standing is proper.") Therefore, the Debtor lacks standing to pursue the Counterclaim and, as a result, the Court lacks subject matter jurisdiction over the Counterclaim under Civil Rule 12(b)(1).

*B. The Counterclaim is Not Compulsory*

The Debtor may nevertheless survive a challenge to subject matter jurisdiction for lack of standing if the causes of action pled in the Counterclaim are compulsory counterclaims and, thus, confer ancillary subject matter jurisdiction. *See* FED. R. CIV. PRO. 13(a); *Peter Farrell Supercars, Inc. v. Monsen*, 82 F. App'x. 293, 298 (4th Cir. 2003); *In re Euro-Swiss Int'l Corp.*, 33 B.R. 872, 887 (Bankr. S.D.N.Y. 1983) ("The third basis upon which the Bankruptcy Court may properly exert jurisdiction over the counterclaim lies in the traditional ancillary jurisdiction of all courts. No independent jurisdictional basis is necessary for the Bankruptcy Court or any federal court to exert jurisdiction over a compulsory counterclaim.") Under Civil Rule 13(a), a compulsory counterclaim is a claim that "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." *See* FED. R. CIV. PRO. 13(a)(1); *Mushala v. US Bank, Nat'l Ass'n*, No. 18-1680 (JDB), 2019 U.S. Dist. LEXIS 101960, at *3-4 (D.D.C. June 10, 2019). The term "transaction" in Civil Rule 13(a) has a broad definition and is to be construed generously to avoid the unnecessary expense of multiple lawsuits. *Armour v. Dow Jones & Co.*, No. 24-2309 (BAH), 2024 U.S. Dist. LEXIS 202770, at *9 (D.D.C. Nov. 7, 2024) (quoting *Moore v. New York Cotton*

*Exchange*, 270 U.S. 593, 610 (1926); *see also Automated Datatron, Inc. v. Woodcock*, 84 F.R.D. 408, 413 (D.D.C. 1979) (holding that "a court should attempt to 'analyze whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit'"). Stated otherwise, a compulsory counterclaim must have a logical relationship with the original complaint. *See Columbia Plaza Corp. v. Security National Bank*, 525 F.2d 620, 625 (D.C. Cir. 1975).

To determine whether the Counterclaim arises out of the same transaction or occurrence as the Complaint herein, the Court must evaluate whether the claims in the Complaint and Counterclaim are part of a single controversy or involve the same parties, evidence, agreements, and/or facts. *See Blue v. Fremont Inv. & Loan*, 562 F. Supp. 2d 33, 41 (D.D.C. 2008) (citing *Pumpelly v. Cook*, 106 F.R.D. 238, 239 (D.D.C. 1985)). The Court should also consider whether the two proceedings could duplicate discovery and/or whether separate trials could give rise to irreconcilable judgments. *Blue*, 562 F. Supp. at 41; *Columbia Plaza Corp.*, 525 F.2d at 626.

There is no question that the Complaint and Counterclaim involve the same parties – the Debtor and Lessard. However, the Counterclaim fails the rest of the considerations for compulsory status. The remaining counts of the Complaint allege and rely upon facts relating to the Debtor's prepetition spending and other conduct related to the filing and disclosures in her chapter 7 case. While the Counterclaim arguably develops a more fulsome recount of the cessation of the Debtor's employment with Lessard in January 2023 previously pled in the Complaint as to now-dismissed claims, it also adds over 100 paragraphs related to actions covering the totality of her nearly eight-year career at Lessard, including allegations of assets retained by Lessard after her departure. The original Complaint discusses specific terms of the Debtor's pre- and postpetition employment with Bassenian, whereas the Counterclaim expands upon her employment and the impact of Lessard's

actions thereon. Despite extensive allegations in the Complaint on the Debtor's spending in the months prepetition, the Counterclaim does not focus on the spending, except as related to the financial impact of the extensive litigation brought against the Debtor by Lessard. When compared, the size of the overlapping area in the Venn Diagram of the remaining counts in the Complaint and those in the Counterclaim is minimal, at best. Similarly, while some small amount of discovery may be applicable to each of the pleadings, the vast majority of the scope of discovery matters between the Complaint and Counterclaim are not overlapping. The same is true for the scope of evidence that would likely be introduced at trial. As such, there is little to no logical relation between the transactions alleged in the remaining counts of the Complaint and transactions alleged in the Counterclaim. *See Beaumier v. Beaumier*, No. 24-ap-00018, 2025 Bankr. LEXIS 167, at *6 (Bankr. N.D.W. Va. Jan. 29, 2025).

In addition, the impact of a ruling on the remaining causes of action in the Complaint could potentially alter the proof of claim filed by Lessard in the Main Case or result in the dismissal of the Debtor's case under § 707(a); however, none of the causes of action in the Counterclaim, if ruled on, would have any bearing on the *treatment* of Lessard's claim within the estate or impact whether the Court finds that the Main Case was filed in bad faith. Recovery on the Counterclaim would merely result in the potential addition of an asset to the estate to be administered by the Trustee. These conclusions further support a determination that the Counterclaim is permissive and not compulsory.

The Counterclaim does not arise out of the same transaction as the remaining counts of the Complaint and, therefore, each of the counts in the Counterclaim is a permissive, not compulsory, counterclaim. As a result, because the Court lacks subject matter jurisdiction due to the Debtor's lack of standing, and because the Court does not have ancillary subject matter jurisdiction over

permissive counterclaims, the Court lacks subject matter jurisdiction over the Counterclaim.

*C. Reasonable Time to Join or Substitute Under Civil Rule 17*

Civil Rule 17(a)(3) stipulates that an action may not be dismissed "for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." FED. R. CIV. P. 17(a)(3). The Main Case was filed on August 9, 2023. The Debtor's § 341 meeting of creditors was concluded on October 17, 2023. The Complaint was filed on March 7, 2024, and the Court's Memorandum Opinion granting the Debtor's motion to dismiss Counts II-V of the Complaint with partial leave to amend was issued on July 31, 2025. The Counterclaim was filed on September 2, 2025, and the Motion to Dismiss was fully briefed by December 3, 2025. The Trustee has had reasonable time to either assert the causes of action, all of which arose prior to January 2023, or to join the Counterclaim as the proper party in interest. *See Marshall*, 675 F. Supp. 2d at 26 (finding the conclusion of a bankruptcy case sufficient to satisfy the "reasonable time" requirement of Civil Rule 17); *Hopkins v. Foothill Mountain Inc. (In re Hopkins)*, 346 B.R. 294, 306 (Bankr. E.D.N.Y. 2006) (dismissing after the debtor "had more than ample opportunity to seek ratification of [her] action by, or joinder or substitution of, the real party in interest, i.e., the trustee[,]" but failed to do so). The Debtor's solicitation of the Trustee's participation put him on notice of the Debtor's claims, and his lack of participation at any point during the pendency of the adversary proceeding, including failure to respond in any manner to the Motion to Dismiss, can only be interpreted as an implied declination to do so. As there has been a reasonable time for the Trustee to take action under Civil Rule 17, the Court need not defer or delay an otherwise appropriate dismissal of the Counterclaim.

## IV. Conclusion

For the reasons stated herein, the Court finds that based on the Debtor's lack of standing to pursue the Counterclaim in this litigation, the Court lacks subject matter jurisdiction and the Motion to Dismiss is granted under Civil Rule 12(b)(1) and there is no basis upon which to delay dismissal under Civil Rule 17. The Court need not reach the question of whether, if brought by a party with standing, the Counterclaim states a claim for which relief can be granted as to each count under Civil Rule 12(b)(6). Therefore, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the Motion to Dismiss is **GRANTED**, and the Counterclaim is **DISMISSED**, in its entirety, without prejudice.

[Signed and dated above.]

Copies to: Recipients of CM/ECF Notice